UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| SUSAN H. LAMB )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TENTH JUDICIAL DISTRICT DRUG )<br>TASK FORCE, OFFICER DAVID JONES )<br>individually and in his official capacity as an )<br>agent for the Tenth Judicial District Drug Task )<br>Force )<br>)<br>Defendants. ) | 1:13-CV-73<br><br>Judge Curtis L. Collier |

## **M E M O R A N D U M**

Before the Court is a motion for summary judgment filed by Defendants the Tenth Judicial District Drug Task Force ("DTF") and Officer David Jones ("Officer Jones") (collectively, "Defendants") (Court File No. 16). Plaintiff Susan Lamb ("Plaintiff") filed a response in opposition to this motion (Court File No. 19), to which Defendants replied (Court File No. 21). For the following reasons, the Court concludes that Plaintiff has not established a violation of her constitutional rights. She therefore has no valid § 1983 claim and the Court will **GRANT** Defendants' motion for summary judgment (Court File No. 16). The Court declines to exercise supplemental jurisdiction over her state law claims and will **REMAND** those claims to Bradley County Circuit Court.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

The DTF is designed "to fight illegal drug activity and violent crimes" within the Tenth Judicial District (Court File No. 17-2, Lawson Dep., Ex. 1). Officer Jones has been a narcotics investigator with the DTF since November 2006 (Court File No. 17-4, Jones Aff., ¶¶ 2-3). Officer

Jones was designated as a member of a judicial district task force and was registered with the board of claims in accordance with Tenn. Code Ann. § 8-42-101 (Court File No. 17-7, Sparks Aff., ¶¶ 4-5). He investigates drug crimes in Bradley, Polk, Monroe, and McMinn Counties (Court File No. 17-4, Jones Aff., ¶ 4). Between 2010 and 2013, part of Officer Jones's duties was to monitor the Tennessee Methamphetamine Information System and bring criminal charges against individuals who purchased products containing ephedrine or pseudoephedrine above the legal limit (*id.*). Section 29-17-431 of the Tennessee Code Annotated, prohibits an individual from purchasing more than 9 grams of pseudoephedrine during a thirty-day period.

In December 2011, Officer Jones began investigating Plaintiff after she was identified in the Methamphetamine Task Force Database as purchasing products containing ephedrine and pseudoephedrine in excess of the legal limit (*id.* at ¶¶ 5-6). His investigation demonstrated that Plaintiff had been regularly purchasing such products since 2010 (*id.* at ¶ 10), and had exceeded the legal limit in one period in 2010 (*id.* at ¶ 11). Officer Jones submitted an affidavit of complaint in support of an arrest warrant for Plaintiff, which was subsequently issued (*id.* at ¶ 13) (Court File No. 17-6, Arrest Warrant). Important to the instant action, the affidavit stated that Plaintiff had purchased ephedrine or pseudoephedrine at four separate pharmacies when in fact she had only done so at two pharmacies, although on four occasions (Court File No. 19-2, Jones Dep., pp. 27-29).

On February 12, 2012, Plaintiff was arrested by the Bradley County Sheriff's Department and was released after approximately three hours at the Bradley County Justice Center (Court File No. 17-5, Lamb Depo., p. 10). She appeared in General Sessions Court in Bradley County the next day where the charges against her were dropped and the record of her arrest was expunged.

Nearly one year later, Plaintiff filed this action in Bradley Count Circuit Court alleging

2

violations of 42 U.S.C. § 1983 and asserting state claims under the Tennessee Governmental Tort Liability Act ("TGTLA"), Tenn. Code Ann. §§ 29-20-101 *et seq*. She claims her First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights were violated. She specifically alleges an unreasonable seizure, malicious prosecution, and a violation of due process.[1] She also claims Officer Jones's actions constitute malicious prosecution and false imprisonment under state common law. Moreover, she claims the DTF was aware that its officers, including Officer Jones, were arresting citizens without conducting effective investigations and took no effort to correct their actions. She also alleges the DTF failed to train its officers or maintain constitutionally adequate standards for officer conduct.

Defendants subsequently sought to dismiss the claims against the DTF, the § 1983 claim against Officer Jones in his official capacity, and the state law claims against all Defendants. Defendants argued the DTF is a state agency and therefore is not a person for the purposes of § 1983 and is protected by the Eleventh Amendment. Defendants also argued the DTF and Officer Jones, as a state entity and employee respectively, could not be sued on state law claims. The Court denied the motion, holding that the extent to which the DTF is a state agency and Officer Jones is a protected state employee were unclear based on Plaintiff's complaint alone.

## II.  STANDARD OF REVIEW

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

---

[1] Plaintiff's complaint makes offhand mention of an "equal protection" violation, although it is unclear if this is meant to be a basis of her § 1983 claim. Plaintiff does not mention this in her response to Defendant's motion for summary judgment. Defendants, for their part, mentioned it offhand in their summary judgment motion as well. To the extent this is a valid claim, the Court sees no support for it in the record.

The moving party bears the burden of demonstrating no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003). The Court views the evidence, including all reasonable inferences, in the light most favorable to the non-movant. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). However, the non-movant is not entitled to a trial based merely on its allegations; it must submit significant probative evidence to support its claims. *See Celotex*, 477 U.S. at 324; *McLean v. Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). Should the non-movant fail to provide evidence to support an essential element of its case, the movant can meet its burden of demonstrating no genuine issue of material fact exists by pointing out such failure to the court. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

At summary judgment, the Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). If the Court concludes a fair-minded jury could not return a verdict in favor of the non-movant based on the record, the Court should enter summary judgment. *Id.* at 251-52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

**III. DISCUSSION**

Plaintiff alleges a violation of her federal rights pursuant to § 1983 and alleges state law claims of malicious prosecution and false imprisonment. The Court will consider Plaintiff's federal claims and state claims separately.

**A. Federal Claims**

Plaintiff alleges Officer Jones violated her Fourth Amendment rights by committing a

4

wrongful arrest and malicious prosecution. In this case, the alleged violation of rights derives from one misstatement: Officer Jones's affidavit supporting Plaintiff's arrest warrant alleged that she had visited *four* pharmacies to purchase ephedrine and pseudoephedrine above the legal limit when she had actually only visited *two* pharmacies on four different occasions.

To state a general claim under 42 U.S.C. § 1983, a plaintiff must "demonstrate that a person acting under color of state law 'deprived [her] of rights, privileges or immunities secured by the Constitution or laws of the United States.'" *Barker v. Goodrich*, 649 F.3d 428, 432 (6th Cir. 2011) (citing *Bennett v. City of Eastpointe*, 410 F.3d 810, 817 (6th Cir. 2005)). The presence of probable cause for Plaintiff's arrest would defeat her Fourth Amendment claims of unlawful arrest and malicious prosecution. *See Everson v. Leis*, 556 F.3d 484, 498 (6th Cir. 2009) ("Everson does clearly allege in his complaint that Defendants lacked probable cause to arrest and prosecute him. Both claims [of unlawful arrest and malicious prosecution] essentially come down to whether Deputy Sheriff Wittich had probable cause to arrest and charge Everson with assault and disorderly conduct."); *see also Cheolas v. City of Harper Woods*, 467 F. App'x 374, 378 (6th Cir. 2012) (noting that to make a § 1983 malicious prosecution claim a plaintiff must show "there was a lack of probable cause for the criminal prosecution").

"An action under § 1983 does lie against an officer who obtains an invalid search warrant by making, in his affidavit, material false statements either knowingly or in reckless disregard for the truth." *Wolgast v. Richards*, 389 F. App'x 494, 502 (6th Cir. 2010) (quoting *Hill v. McIntyre*, 884 F.2d 271, 275 (6th Cir. 1989)).

> This standard originates in *Franks v. Delaware*, 438 U.S. 154, 98 S. Ct. 2674, 57 L.Ed.2d 667 (1978), a suppression case in which the Supreme Court defined the Fourth Amendment's guarantee in the context of search warrants issued on the basis of false affidavits: only if "a false statement [was made] knowingly and intentionally,

5

or with reckless disregard for the truth" and if, "with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause," is there a constitutional violation under the Fourth Amendment. *Id.* at 155–56, 98 S. Ct. at 2676.

*Hill*, 884 F.2d at 275. To make this showing, Plaintiff must first establish Officer Jones "engaged in deliberate falsehood or reckless disregard for the truth in omitting information from, or making false statements in, the affidavit." *Wolgast*, 389 F. App'x at 502. If he did, "the court then considers whether, setting aside the false material, the remaining content nevertheless establishes probable cause." *Id.*

This case is a simple one. Even assuming Plaintiff has established a deliberate falsehood or reckless disregard for the truth on the part of Officer Jones, the affidavit with the disputed portion omitted establishes probable cause for Plaintiff's arrest. The affidavit states as follows.

> On 12/16/11 I opened an active investigation on Susan Holt Lamb for Immediate Methamphetamine Precursor violations. Within a 30 day period, between 7/3/11 and 8/2/11, Susan Holt Lamb entered 4 different Pharmacies in East Tennessee and purchased and/or signed for 10.08 grams of pills that contain Pseudo ephedrine/Ephedrine. During this offense all of the purchases occurred in Bradley County. Pseudo ephedrine is an immediate precursor to manufacturing methamphetamine. According to TCA 39-17-431: a person shall not purchase products containing more than 3.6 grams per day, or more than 9 grams in a thirty day period, of ephedrine or pseudoephedrine base, or their salts, isomers or salts of isomers. According to TCA 39-17-431(m)(1)(c), it is an offense for a person, not authorized to do so, to knowingly engage in the following conduct: Purchase the product at different times and locations for the purpose of circumventing the maximum allowable quantity of the product that may lawfully be purchased during one day or thirty day period.

(Court File No. 19-2, Jones Dep, Ex. 4). The only provision of this affidavit that must be removed is the alleged number of pharmacies. After removal, the second sentence reads, "Within a 30 day period, between 7/3/11 and 8/2/11, Susan Holt Lamb entered different Pharmacies in East Tennessee and purchased and/or signed for 10.08 grams of pills that contain Pseudo ephedrine/Ephedrine."

6

Simply put, the affidavit, without the misstatement, provides probable cause for Plaintiff's arrest. Section 39-17-431(c)(2) precludes anyone from purchasing more than 9 grams of products containing pseudoephedrine or ephedrine in a thirty-day period. Plaintiff does not dispute that she did so. This alone supports Officer Jones's arrest of Plaintiff. The issue of how many pharmacies Plaintiff visited is wholly irrelevant to this violation. Plaintiff purchased more than 9 grams of products containing ephedrine or pseudoephedrine in the relevant thirty-day period. Her arrest was therefore supported by probable cause.

Further, even the offense allegation that is affected by the misstatement establishes probable cause when the misstatement is excised. Section 39-17-431(m)(1)(c) precludes anyone from visiting pharmacies at different places or times in an effort to purchase more than the legal limit. Plaintiff does not dispute she visited two different pharmacies on four different occasions during the relevant thirty-day period. Removing the misstatement, the affidavit still indicates Plaintiff purchased more than she was legally allowed to purchase and did so at different pharmacies. Accordingly, the affidavit without the misstatement still establishes probable cause for Plaintiff's arrest.

Whether probable cause existed is generally a jury question "unless there is only one reasonable determination possible." *Wolgast*, 389 F. App'x at 501 (quoting *Everson*, 556 F.3d at 499). In this case, there is only one such determination: the excised affidavit amply supports a probable cause finding. Because the affidavit, without the misstatement, establishes probable cause for Plaintiff's arrest, there was no constitutional violation. *See Hill*, 884 F.2d at 275 (noting that only when "'the affidavit's remaining content is insufficient to establish probable cause,' is there a constitutional violation under the Fourth Amendment") (quoting *Franks*, 438 U.S. at 155-56). This is notable because courts often discuss this issue in the qualified immunity context. *See, e.g.*, *Hale*

*v. Kart*, 396 F.3d 721, 724-25 (6th Cir. 2005). In this case, however, Officer Jones has not asserted qualified immunity as a basis for summary judgment.[2] But the Court need not rely on qualified immunity because the only reasonable determination is that Officer Jones had probable cause to arrest Plaintiff. The Court will therefore **GRANT** Defendants' motion with respect to Plaintiff's Fourth Amendment claims against Officer Jones.

In addition to unlawful arrest and malicious prosecution, Plaintiff alleged her First, Fifth, Sixth, Eighth, and Fourteenth Amendment rights were violated. She has conceded that all but her Fourteenth Amendment due process right claims should be dismissed.[3] However, she provides no support for any alleged due process violation other than claiming her prosecution derived from an improper affidavit. To the extent such a due process claim could be made, the affidavit supports a finding of probable cause even without the disputed number. Accordingly, the Court will **GRANT** Defendants' motion with respect to all of Plaintiff's alleged constitutional violations against Officer Jones.

Plaintiff also brought a § 1983 claim against the DTF. At issue in the motion to dismiss, and heavily disputed by the parties in briefing on the instant motion, is whether the DTF constitutes a state entity such that it is a "person" under § 1983 or is due Eleventh Amendment immunity. However, the Court has concluded that Plaintiff's constitutional rights were not violated at all. Because Officer Jones did not violate Plaintiff's constitutional rights, she has no claim against the

---

[2] He did, however, assert qualified immunity as a defense in his answer.

[3] Neither party mentions the alleged violation of Plaintiff's First Amendment rights. As with the offhand "equal protection" allegation, there appears nothing in the record that could support such a claim.

8

DTF.[4]  Accordingly, the Court need not consider these questions and will **GRANT** Defendants' motion for summary judgment on Plaintiff's § 1983 claim against the DTF.

**B. State Claims**

Plaintiff also brings a number of state law claims against Defendants.  As state law claims brought in a federal-question case, these claims can only be heard by the Court through the exercise of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  The exercise of federal supplemental jurisdiction is discretionary.  District courts may decline to exercise supplemental jurisdiction over a state law claim if:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).  In making this discretionary decision, a district court should weigh "the values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S.

---

[4] The Court notes that "under any circumstances in which the State (or the United States) declines to raise sovereign immunity as a threshold defense, . . . the federal courts have discretion to address the sovereign-immunity defense and the merits in whichever order they prefer." *Nair v. Oakland Cnty Comm. Mental Health Auth.*, 443 F.3d 469, 477 (6th Cir. 2006); *see also Scott v. Porter*, 182 F. App'x 521, 523 n.1 (6th Cir. 2006) ("Although the sovereign-immunity question is a jurisdictional one, we have discretion to address first the merits of the underlying claim."); *In re Sealed Case No. 99-3091*, 192 F.3d 995, 1000 (D.C. Cir. 1999) (noting that sovereign immunity is "a less than pure jurisdictional question" and "need not be decided before a merits question").  In this case, Defendants did raise sovereign immunity as a threshold defense in their motion to dismiss, which was denied.  On summary judgment, however, Defendants raised alternative arguments, including sovereign immunity (Court File No. 17, pp. 5-7) and a merits-based argument (*id.* at p. 13) ("[S]ince there is no constitutional violation by Defendant Jones, there can be no liability against Defendant DTF.").  The Court exercises its discretion to address the merits-based argument and does not address Defendants' Eleventh Amendment argument.

9

343, 350 (1988); *accord Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993).

When all federal claims have been dismissed, the preferred disposition of state law claims is dismissal, or, where a case has come into federal court on removal, remand to state court. *Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010) (citing *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996)). A federal district court should only exercise its discretion to retain supplemental jurisdiction after dismissing federal claims under limited circumstances, which frequently involve some degree of forum manipulation. *See Carnegie-Mellon*, 484 U.S. at 357. Because no federal claims remain in the instant action, the Court will **REMAND** this case to Bradley County Circuit Court.

## IV.   CONCLUSION

For the foregoing reasons, the Court will **GRANT** Defendants' motion for summary judgment (Court File No. 16). The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims and will **REMAND** those claims to Bradley County Circuit Court. There being no further matters in this case, the Court will **DIRECT** the Clerk of Court to **CLOSE** this case.

**An order shall enter.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**